No. 102,925

In the Matter of KEVIN PETER SHEPHERD, *Respondent.*

(254 P.3d 1262)

On November 25, 2009, this court suspended the respondent, Kevin Peter Shepherd, from the practice of law in Kansas for a period of 3 years. See *In re Shepherd,* 289 Kan. 1116, 220 P.3d 359 (2009). In its opinion, the court permitted the respondent to request that the order of suspension from the practice of law be lifted after 1 year if the respondent complied with certain conditions.

On November 30, 2010, the respondent filed a motion to suspend the imposition of the remaining 2 years of suspension from the practice of law. The motion was referred to the Disciplinary Administrator for investigation. On December 7, 2010, the Disciplinary Administrator filed a response to the respondent's motion. In the response, the Disciplinary Administrator acknowledged that the respondent fully complied with the orders in the court's November 25, 2009, opinion. The Disciplinary Administrator approved the respondent's plan of probation and did not object to the respondent's request to be placed on probation.

The court, after carefully considering the record, grants the respondent's motion to suspend the remaining 2 years of suspension from the practice of law in Kansas and places the respondent on probation for the remainder of the suspension term subject to the following terms and conditions:

1. *Therapy.* The respondent shall continue his current therapy with Dr. Steve Lerner. The respondent shall provide Dr. Lerner with an appropriate release of information necessary to allow Dr. Lerner to provide such information to the Disciplinary Administrator. The treatment shall continue throughout the period of supervised probation unless Dr. Lerner deems treatment is no longer necessary. Dr. Lerner shall notify the Disciplinary Administrator in the event that respondent discontinues treatment against his

recommendation. Dr. Lerner shall make quarterly reports to the Disciplinary Administrator regarding the respondent's diagnosis, current treatment plan, compliance with current treatment plan, and prognosis.

2. *Medication.* In the event it becomes necessary for the respondent to take medication, the respondent shall have regular contact with a qualified medical professional regarding the medication. The respondent shall follow the qualified medical professional's recommendation regarding the prescribed medications.

3. *Practice Limitation.* The respondent's practice shall be limited to domestic relations cases, criminal defense cases, and cases that are related to criminal defense, including driver's license suspension and drug tax cases. The respondent shall not engage in the practice of law in any other areas of practice.

4. *Practice Supervision.* The respondent's practice shall be supervised by a practice supervisor. Terry Beck, a licensed attorney in good standing, is hereby designated to supervise the respondent's practice. The respondent shall allow the practice supervisor access to his files, calendar, operating account records, and trust account records. The respondent shall comply with any request made by the practice supervisor. The respondent shall meet with the practice supervisor on a weekly basis. During these meetings the respondent and the practice supervisor shall review all new cases, all upcoming deadlines, court appearances, and fee agreements. Further, the respondent and the practice supervisor shall review the respondent's schedule for the following week to ensure that proper notice has been provided, that the respondent is thoroughly prepared for the representation, and that the file is properly updated. The practice supervisor shall provide the Disciplinary Administrator with a detailed monthly report regarding the respondent's status on probation. The respondent shall add the practice supervisor's name to his attorney trust account as a signatory. All trust account checks and transfers shall require the signature of the respondent and the practice supervisor.

5. *File Audits.* The practice supervisor shall conduct an audit of the respondent's files within 60 days of the date of this order. Thereafter, the practice supervisor shall conduct audits every 6

months throughout the period of supervision. After each audit, the practice supervisor shall provide a detailed report of the audit to the respondent and the Disciplinary Administrator. If the practice supervisor discovers any violations of the Kansas Rules of Professional Conduct, the practice supervisor shall immediately notify the respondent and the Disciplinary Administrator. Additionally, the practice supervisor shall include that information in the detailed report. The respondent shall immediately comply with all recommendations and correct all deficiencies noted in the practice supervisor's periodic audit reports.

6. *Office Procedures.* Within 10 days of this order, the respondent shall provide the Disciplinary Administrator and the practice supervisor with a set of written office procedures designed to monitor the status, deadlines, and court appearances of all matters in which he has undertaken representation. The office procedures shall include detailed information regarding the filing system, calendaring systems, and methods to respond to oral, telephonic, written, and electronic communications from clients. The Disciplinary Administrator and practice supervisor shall review the written office procedures and determine whether the office procedures are appropriate and sufficient. The respondent shall immediately comply with all recommendations and correct all deficiencies in the office procedures as determined by the Disciplinary Administrator or practice supervisor. The respondent shall comply with all written office procedures, as approved by the Disciplinary Administrator and practice supervisor.

7. *Communications.* The respondent shall attempt to respond to oral, telephonic, written, and electronic communications the same business day. All oral, telephonic, written, or electronic communications shall be answered within 3 business days.

8. *Practice Supervisor.* The practice supervisor shall be acting as an officer and agent of the court while supervising the respondent's practice. The practice supervisor shall be afforded all immunities granted by Supreme Court Rule 223 (2010 Kan. Ct. R. Annot. 384) during the course of his activities pursuant to this order.

9. *Cooperation.* The respondent shall continue to cooperate with the Disciplinary Administrator. If the Disciplinary Administrator requires any further information, the respondent shall timely provide such information.

10. *Professional Liability Insurance.* The respondent shall continue to maintain professional liability insurance.

11. *Additional Violations.* The respondent shall not violate the terms of his probation or the provisions of the Kansas Rules of Professional Conduct. In the event the respondent violates any terms or conditions of his probation or any of the provisions of the Kansas Rules of Professional Conduct during the period of supervision, the respondent, practice supervisor, and the Disciplinary Administrator shall comply with Supreme Court Rule 211(g)(9)-(12) (2010 Kan. Ct. R. Annot. 327).

IT IS THEREFORE ORDERED that the respondent's motion be granted and that the respondent's license to practice law in Kansas be reinstated, conditioned upon his compliance with the annual continuing legal education requirements and upon his payment of all fees required by the Clerk of the Appellate Courts. Upon proof provided to the Clerk of the Appellate Courts that the respondent has complied with the annual continuing legal education requirements and has paid the fees required by the Clerk of the Appellate Courts, the Clerk is directed to enter respondent's name upon the roster of attorneys engaged in the practice of law in the state of Kansas, subject to the above terms and conditions of supervised probation. The terms and conditions of supervised probation will continue until the conclusion of the respondent's original 3-year suspension period.

IT IS FURTHER ORDERED that this order shall be published in the official Kansas reports and that the costs of the reinstatement proceeding be assessed to the respondent.